IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEANETTE ANDERSON KIRKSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:10cv856-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

Plaintiff Jeanette Anderson Kirksey applied for disability insurance benefits under

Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental

security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*  Her

applications were denied at the initial administrative level.  Plaintiff then requested and

received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the

ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date

through the date of the decision.  The Appeals Council rejected Plaintiff's request for review

of the ALJ's decision.  The ALJ's decision consequently became the final decision of the

Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

(11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings

and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s

Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #8). Based on the

Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision

of the Commissioner.


## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions,

4

including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-six years old at the time of the hearing before the ALJ.  Tr. 90. Plaintiff has a high school diploma and a certificate for clerical work. Tr. 14.  Plaintiff's past relevant work experience was as a "poultry hanger," "cook helper," "sandwich maker," "brake lining driller," and "hand packager." Tr.18.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had "not engaged in substantial gainful activity since March 1, 2008, the alleged onset date." (Step 1).  Tr. 13.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "degenerative disk disease of the lumbar spine with disk herniation at L5-S1 requiring laminectomy."  Tr. 13. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ."  (Step 3) Tr. 13.  Next, the ALJ found that Plaintiff

> has the residual functional capacity to perform light work . . . except that she can occasionally climb ramps or stairs; however, she can never climb ladders, ropes, or scaffolds.  She can occasionally stoop, kneel, crouch, or crawl.  She should avoid concentrated exposure to extreme cold, wetness, and vibration. She should avoid all exposure to hazards, such as dangerous machinery or unprotected heights.

Tr. 14.  The ALJ then found that Plaintiff is unable to perform her past relevant work.  (Step

4) Tr. 18.  At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work

experience, and residual functional capacity," and after consulting with a VE, "there are jobs

that exist in significant numbers in the national economy that the claimant can perform."  Tr.

19.  The ALJ identified the following occupations as examples: "production assembler,"

"cafeteria attendant," and "housekeeper/cleaner."  Tr. 19.  Accordingly, the ALJ determined

that Plaintiff "has not been under a disability . . . from March 1, 2008, through the date of this

decision."  Tr. 19.

## IV.    PLAINTIFF'S CLAIMS

Plaintiff presents only one issue for this Court's consideration in determining whether

the ALJ's decision is supported by substantial evidence:  whether the ALJ erred by failing

to order a consultative examination.

## V.    DISCUSSION

Plaintiff asserts that the ALJ reversibly erred by failing to order a consultative

examination in determining Plaintiff's RFC.  Plaintiff claims, "the ALJ did not have

sufficient medical evidence to make an informed decision regarding plaintiff's residual

functional capacity; therefore, [a] consultative examination was necessary for the ALJ to

make an informed decision in this case."  Pl.'s Brief (Doc. #11) at 5.  Defendant contends

that "[a]n ALJ is not required to order a consultative examination when the evidence as a

whole, both medical and non-medical, is sufficient to support a decision."  Def.'s Brief (Doc.

#12) at 9 (citing 20 C.F.R. 404.1519a).

6

At the administrative law judge hearing level, the ALJ is responsible for assessing a claimant's RFC.  20 C.F.R. § 404.1546(c).  The ALJ must assess a claimant's RFC "based on all of the relevant medical and other evidence[,]" and, in general, the claimant will be responsible for providing the evidence used to make a finding about the RFC. 20 C.F.R. § 404.1545(a)(3).  While a consultative examination may be helpful to the ALJ in making an RFC determination, a consultative examination will be ordered only when the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on the claim. 20 CFR § 404.1519a.  *See also Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988) (the ALJ is not required to order consultative examination, and has discretion to order such an exam only when necessary); *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1210 (M.D. Ala. 2002) (same); *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1338 (M.D. Ala. 2001) ("[I]t is within the ALJ's discretion to order a consultative examination where he determines one is warranted."); *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) ("To be very clear, 'full inquiry' does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision.").  Indeed, "[t]he administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Social Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)).  While the ALJ

has the responsibility to make a determination on Plaintiff's RFC, it is Plaintiff who bears the burden of proving her RFC. *See* 20 C.F.R. § 404.1512(a) & (c) (instructing claimant that ALJ will consider "only impairment(s) you say you have or about which we receive evidence" and "[y]ou must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled").

The ALJ appropriately concluded that a consultative examination was not necessary in this case. It is clear from the record that there was sufficient evidence for the ALJ's determination about Plaintiff's RFC and his finding that Plaintiff could perform light work. In completing his evaluation of Plaintiff's RFC in Step Four, the ALJ considered the entire record, including "all symptoms," "objective medical evidence," and "opinion evidence" (Tr. 14), and found that "claimant's reported degree of limitation in daily activities is not supported by the objective medical evidence indicating a successful surgery and normal postoperative clinical findings." Tr. 17. The medical evidence on the record indicated that during Plaintiff's postoperative examination, performed by Dr. Bradley on April 28, 2008, she "was taking Darvocet and doing well, with no complaints of pain[,]" had "normal motor strength, negative straight leg raising, mild sensory deficit in the right leg, and some stiffness in the lower back" as well as "some very slight residual numbness in her right leg, which was getting better gradually." Tr. 16. Dr. Bradley "recommended a return follow up visit in one month." *Id.* Although she was advised to seek follow up care if needed, Plaintiff presented only twice for treatment in November 2008 and in September 2009. *Id.* During Plaintiff's

visit to the emergency room in November 2008, "[c]linical findings revealed a healed surgical site, no swelling, no tenderness in the extremities, no edema, and no limitation of range of motion in the extremities." *Id.* The "[d]iagnosis was chronic low back pain, and the claimant was discharged in stable condition with a prescription and instructions to follow up with Dr. Bradley." *Id.* During her September 2009 visit to the emergency room, Plaintiff "was given a prescription and discharged in stable and improved condition." *Id.* Because she alleged she had been unable to get postoperative medical care, "the emergency room physician recommended that she seek follow up care with Medical Outreach Ministries." *Id.* Despite medical recommendations, the evidence indicated that Plaintiff "has not received regular treatment subsequent to surgery, as might be expected for a totally disabled individual." *Id.* The ALJ also considered evidence indicating that Plaintiff "received back surgery in April 2008 and returned to work until the time of the layoff in July 2008," (Tr. 17) suggesting that Plaintiff was able to work post-surgery.

Further, the ALJ found that the objective medical evidence did not support Plaintiff's subjective complaints of extreme pain (Tr. 17),[5] and Plaintiff's alleged symptoms and functional limitations were inconsistent with her own testimony. For example, Plaintiff "reported problems with lifting (over 10 pounds), standing, walking, running, and bending[,]" however, she also indicated that "she plays sports with her family once a week and is able to walk for 1½ to 2 miles before needing to stop and rest." Tr. 17. She also

---

[5] Plaintiff does not challenge the ALJ's rejection of her subjective complaints of pain.

9

indicated that "she is able to cook on a daily basis and do some household chores, such as cleaning, laundry, and ironing."  Tr. 17.

Taking into consideration all the evidence on the record, both medical and non-medical, and Plaintiff's own testimony, it is clear that there was sufficient evidence on the record for the ALJ's determination that Plaintiff could perform light work.  Accordingly, Plaintiff's claim that the ALJ erred in failing to order a consultative examination in order to make an RFC determination is without merit.

## VI.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED.  A separate judgment will issue.

DONE this 16th day of September, 2011.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE